**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID MOODY,**

        **Plaintiff,**

        v.                            CASE NO. 09-3254-SAC

**(FNU) CORY,
et al.,**

        **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Plaintiff names as defendants "Corey" and all "SORT" members who will come out on Martinez Report".

As the factual basis for the complaint, Mr. Moody alleges as follows. On October 21, 2009, he was placed in a shower for banging on his indestructible steel door. He was returned to his cell and told he was going "to the restraint chair". He "bent down to cuff up", and "they shot his face 3 times with the pepperball gun "busting open" his face. As a result, his face bled, and he had blurred vision, swelling, black eyes, headaches, "inflictions" and "cramps from the chair." He was "force celled" and held in a restraint chair for "near 14 hours." He asserts he was subjected to excessive force and cruel and unusual punishment and cites the Eighth Amendment. He also claims "mistreatment of a confined person" and cites "KSA". He seeks money damages for the shots, pain, illegal chair punishment, and the overall punishment.

**MOTION TO PROCEED WITHOUT FEES**

The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2)[1].

Furthermore, § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The only "Inmate Bank Statement" provided by plaintiff is for the single month of November. This action may not proceed until plaintiff provides the financial information required by federal law. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of § 1915 in the time allotted, this action may be dismissed without further notice.

**OTHER MOTIONS**

Plaintiff has also filed a motion for the court to send defendants and plaintiff copies of all the pleadings and materials

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

he submits for filing (Doc. 3). The court will order that defendants be served with a copy of the complaint, if the complaint survives screening. If summons issues and defendants are properly served and thus become parties in this action, then they or their counsel will receive filings in this case electronically. Plaintiff should retain for his own use copies of all materials he files, and may prepare hand-written copies for that purpose as well as for any required service. This court accepts handwritten copies. Thus, plaintiff's motion (Doc. 3) shall be denied.

Plaintiff includes a request that a particular inmate who is assisting him with this lawsuit, not be moved away from him. This court has no authority to order that an inmate remain near to plaintiff to provide legal assistance. Accordingly, this request is denied. In any event, a "Notice of Withdrawal of Counsel" has been filed that is signed by an inmate other than plaintiff. Plaintiff has filed a letter in which he asks the court to deny the withdrawal, and "oversee the agreement" for representation. The notice and the request are frivolous filings. An inmate may not appear as counsel or file pleadings in another inmate's case, and no agreement between inmates for legal assistance will be enforced by this court.

**DEFICIENCIES IN THE COMPLAINT**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d

1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). To be held liable under § 1983, a defendant must have personally participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988).

Plaintiff does not provide the first name, title, or position of defendant Cory, and does not describe any unconstitutional acts taken by this defendant. Nor does he actually name or provide sufficient descriptive information with regard to any individual persons acting as "members" of the SORT-Extraction Team, whom he alleges were "correctional officers" at the time. Indeed, plaintiff

4

has not adequately named as defendant the individual who actually shot him in the face with pepper spray or the person who placed and kept him in a restraint chair and thus allegedly caused his injuries.

In addition, the facts alleged by plaintiff, taken as true, are not sufficient to state a claim of excessive force or cruel and unusual punishment under the Eight Amendment. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. See Hudson v. McMillian, 503 U.S. 1, 9 (1992)(Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); Smith v. Iron County, 692 F.2d 685 (10th Cir. 1982)(A prison guard's use of force against a prisoner is not always a constitutional violation.); El'Amin v. Pearce, 750 F.2d 829, 831 (10th Cir. 1984)(While an assault by a jailer on his prisoner can give rise to an action under § 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); see also George v. Evans, 633 F.2d 413, 416 (5th Cir. 1980)("A single unauthorized assault by a guard does not constitute cruel and unusual punishment."); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973)("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."; Suits v. Lynch, 473 F.Supp. 38, 40 (D.Kan. 1977). As the United States Supreme Court held in Baker v. McCollan, 443 U.S. 137, 146 (1979):

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

Id.

Court's generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause[2]. The United States Supreme Court found that in considering claims of excessive force brought by convicted prisoners, a court must apply the standard set forth in Whitley v. Albers, 475 U.S. 312 (1986), namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Hudson, 503 U.S. at 7. In Whitley, the Court stated that, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment (citations omitted)." Whitley, 475 U.S. at 319. Relevant factors to be considered include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of injury inflicted. Id.; see also Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003). In Sampley v. Ruettgers, 704 F.2d 491 (10th Cir. 1983), the Tenth Circuit Court of Appeals set forth three factors for courts to include in their review of excessive force claims. Under Sampley, the inmate must demonstrate (1) the guard intended to harm the prisoner; (2) the guard used more force than reasonably necessary to maintain or restore institutional order; and (3) the guard's actions caused severe pain or lasting injury to the prisoner. Id. at 495. The standards are "sensitive to the

---

[2] The Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Rochin v. California, 342 U.S. 165, 172, 173 (1952). The Eighth Amendment is applicable to the States through the Fourteenth Amendment's due process clause.

highly-charged prison environment." A prison guard's use of force is entitled to deference by the courts because their decisions are made "in haste, under pressure, and frequently without the luxury of a second chance." Hudson, 503 U.S. at 6; Whitley, 475 U.S. at 320.

Considering the facts alleged by plaintiff in his complaint under the standards enunciated in Hudson and Sampley, the court finds insufficient facts are alleged to show that any named defendant acted "maliciously and sadistically for the very purpose of causing harm." Cf. Whitley, 475 U.S. at 320-321; Smith, 339 F.3d at 1212. Nor does plaintiff allege a "wanton infliction of pain" that was severe, or a lasting injury. Instead, the facts alleged by plaintiff suggest force was "applied in a good faith effort to maintain or restore discipline." Cf. Whitley, 475 U.S. at 320-321; Sampley, 704 F.2d at 494-496[3]. Plaintiff's own exhibits and allegations indicate he was being disruptive at the time of the

---

[3] In Sampley, the Tenth Circuit instructed:

> A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976). We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard. First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury. In applying this test, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Johnson, 481 F.2d at 1033.
> * * *
> A court should also bear in mind that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself. See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).

Sampley, 704 F.2d. at 494-96.

incident. In his exhibited grievances, he stated he was willing to and did cooperate when ordered to cuff up, but it was so loud in the cell house that he could not verbally reply. The Unit Team response was:

> Protocol was followed during this process. Please refrain from behavior that would cause the use of force by staff, planned or reactive. In any application of the use of force, there is a chance of injury.

The SOC response was:

> Unfortunately, when you refuse to cuff up and a Use of Force team is sent to your cell, inmates and/or staff may get hurt. That is why it is very important to comply with staff and refrain from behavior that causes a Use of Force, either planned or reactive. During the process of this Use of Force, protocol was followed. If you are still having symptoms of headaches, blurry vision, and/or any other medical problems, put in a sick call to the Clinic.

Plaintiff's own allegations indicate he was banging on his door, his behavior caused a team of officers to come to his cell to quell the disturbance, and he did not verbally respond when told to cuff up. Under these circumstances, the use of some physical force can hardly be considered repugnant to the conscience of mankind.

The court concludes that the facts alleged by plaintiff in his complaint are simply insufficient to state a federal constitutional violation. Plaintiff will be given time to submit a "Supplement to Complaint" containing additional facts that are sufficient to support a claim under § 1983 in accord with the foregoing Memorandum and Order. If he fails to submit a "Supplement to Complaint" within the time allotted by the court, this action may be dismissed without prejudice with no further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit a certified statement of his inmate account

8

for the six months immediately preceding the filing of this complaint.

**IT IS FURTHER ORDERED** that within the same twenty (20) days plaintiff is required to file a "Supplement to Complaint" containing additional facts that are sufficient to state a claim of federal constitutional violation.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Substitution" (Doc. 3) is denied and his request for court to deny withdrawal (Doc. 5) and the Notice of Withdrawal (Doc. 4) are frivolous and warrant no relief.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge